USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8-2-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PETER BEST,

                Plaintiff,

-against-

MARVA M. LAYNE & ASIM WALKER,

                Defendants.

MEMORANDUM & ORDER

18-CV-2786 (ALC)

-------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

Peter Best, Plaintiff in this action, is engaged in litigation with Marva Layne and her son Asim Walker, Defendants here, in two fora. Essentially, Best contends that Layne and Walker have engaged in a campaign of defamation against him, publically stating that he stole millions of dollars. For their part, Layne, Walker, and others contend that their statements were true because Best actually stole from them. Layne and others have sued Best for fraud and related offenses in New York state court, while Best has filed this action for defamation and tortious interference with his business in this Court.

Accordingly, the Court ordered briefing on whether this Court should abstain from considering this federal case under the *Colorado River* doctrine. For the following reasons, the Court ABSTAINS from exercising its jurisdiction in this matter.

1

# BACKGROUND

## I. Factual Background

The Court summarizes only those facts relevant to the instant motion. The parties' business relationship dates back more than two decades. Approximately twenty years ago, Best began working for Layne and her husband, Carlton Hayle, as a bus boy at Negril Village, Inc. ("Negril"), a Greenwich Village restaurant. Complaint ¶ 3 (ECF No. 1) ("Compl"). Eventually, Best managed the restaurant alongside Layne and Hayle. *Id.* At some point, Negril filed for Chapter 11 bankruptcy. *Id.* ¶ 7.

Best claims that, beginning around December 2017, Layne and Walker initiated a systemic campaign to malign his reputation by falsely accusing him and his wife, Lily Truong, of theft and embezzlement from Negril. *See id.* ¶¶ 10-11. Layne and Walker admit to making such statements, but argue they were truthful because Best did in fact steal from them. *See* ECF No. 27 ("Answer").

## II. Procedural Background

Best filed the complaint commencing this action ("Federal Action") on March 29, 2018, alleging defamation and tortious interference with prospective economic advantage and business relations. Compl. A few months earlier, on January 18, 2018, Layne, along with Negril and Hayle, had sued Best, along with Truong and Kanetta Baptiste—a bookkeeper hired by Best—in New York County Supreme Court. *See Layne v. Best*, No. 65020/2018 (N.Y. Sup. Ct N.Y. Cnty. Jan. 18, 2018) ("State Action"). In that case, Layne and Hayle charge Best, Truong, and Baptiste with fraud, civil conspiracy, conversion, unjust enrichment, breach of duty, aiding and abetting breach of fiduciary duty, breach of duties of good faith and fair dealing, and tortious interference with business relations, related to the alleged theft of millions of dollars from Negril. *See id.*

On March 30, 2018, Best sought a temporary restraining order and preliminary injunction in this Court to prevent Layne and Walker from making defamatory statements against him. ECF Nos. 5-8. The Court granted a modified version of the preliminary injunction, to which Defendants did not object. ECF No. 36.

Additionally, the Court ordered the parties to brief the issue of whether this Court can and should exercise jurisdiction over this matter while litigation is pending in state court, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). ECF No. 37. The parties filed their opening briefs on May 21, 2018 (ECF Nos. 43 ("Def Mem"); 44 ("Pl Mem")) and their opposition briefs on May 29, 2018 (ECF Nos. 45 ("Def Opp"); 46 ("Pl Opp")). Neither party filed a reply brief. Accordingly, the Court considers the matter fully submitted.

## DISCUSSION

### I. Legal Standard

"Although federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction," courts may abstain from exercising jurisdiction under certain circumstances. *Village of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) (quoting *Colorado River*, 424 U.S. at 817).[1] In *Colorado River*, "the Supreme Court held that, in addition to the earlier-established categories of abstention, in certain other 'exceptional circumstances,' a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Niagra Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (citing *Colorado River*, 424 U.S. at 813, 817-18). Lawsuits are parallel "when

---

[1] The Court need not address the other established categories of abstention here. *See Niagra Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 n.5 (2d Cir. 2012).

3

substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.*

In determining whether to abstain under *Colorado River*, a court considers six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted).

In this analysis, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Royal & Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.*, 466 F.3d 88, 93 (2d Cir. 2006) (collecting cases). "Where a *Colorado River* factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'" *Niagra Mohawk*, 673 F.3d at 100 (quoting *Woodford*, 239 F.3d at 522).

## II. Analysis

### A. Parallel Litigation

"An analysis of whether a court should abstain under *Colorado River* begins with a determination of whether the concurrent federal and state proceedings are 'parallel' in nature." *Fernandez v. City of N.Y.*, No. 17-cv-2431, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017) (citing *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). "Abstention under Colorado

River does not require identical parties in the parallel actions." *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*, 850 F. Supp. 176, 184 (E.D.N.Y.1994) (citations omitted). Moreover, the claims need not be precisely the same: "What matters is that the claims concern the same events, and involve 'sufficient overlap of subject matter.' Indeed, even if the claims asserted in the two proceedings are not identical, if the state proceeding would permit adjudication of the claims asserted in the federal proceeding, the proceedings are parallel." *Id.* (internal citations omitted); *accord Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) (if the claims raised in the federal proceeding "can be satisfactorily adjudicated in [the state] proceeding," abstention may be warranted).

Here, the proceedings are parallel in nature. Plaintiff cites three purported key differences between the proceedings. First, Plaintiff argues that the parties are not identical, as Walker is a defendant in the federal action but not a party in the state action; and Hayle, Truong, Baptiste, and Negril are parties in the state action but not in the federal case. However, complete identity of the parties is not required. *See Bernstein*, 850 F. Supp. at 184. Best and Layne are each asserting claims against each other. This is sufficient to establish similarity of parties.

Second, Plaintiff contends that the time period is different, as the state action involves fraud between 2009 and 2017 and this case alleges specific defamatory statements between December 2017 and March 2018. However, the gravamen of the claims are the same: Best contends that the state action is an example of Layne's defamatory campaign against him, while Layne contends that the purportedly defamatory statements made in 2017 and 2018 are lawful because Best committed fraud from 2009 through 2017.

Third, Plaintiff claims that the cases involve proof of entirely different elements. It is true that, on their face, the state and federal complaints bring different claims that require proof

5

of different elements. However, each party's defense in one case is their affirmative argument in the other case. In federal court, Best argues that Layne and Walker made defamatory statements, while Layne and Walker argue that their statements are true because Best indeed stole from their business. In state court, the roles reverse: Layne affirmatively charges that Best committed fraud and related offenses, while Best denies the veracity of those allegations and contends they are part of a "campaign to harass and defame [] Best and his family." Motion to Dismiss State Action at 7 (NYSECF No. 8). The Court also notes that, in his state court filings, Best emphasizes that the state and federal cases involve "similar underlying facts." Opposition to Application for Adjournment of State Action ¶ 6 (NYSECF No. 25).

Accordingly, the Court determines that these actions are parallel.

### B. Res

It is uncontested that there is no res over which the state has assumed jurisdiction in this matter. This counsels slightly against abstention. *See Goldentree Asset Mgm'nt, L.P. v. Longaberger Co.*, 448 F. Supp. 2d 589, 593 (S.D.N.Y. 2006).

### C. Inconvenience

The courts are both located in Manhattan, and thus are equally as convenient. Thus, this factor counsels slightly against abstention. *See Woodford*, 239 F.3d at 523 (fact that "state and federal fora are in geographic proximity" counts in favor of retaining jurisdiction).

### D. Avoidance of Piecemeal Litigation

The Supreme Court has stated that "[b]y far the most important factor in [its] decision to approve the dismissal [in Colorado River ] was the 'clear federal policy . . . [of] avoidance of piecemeal adjudication." *Moses H. Cone*, 460 U.S. at 16 (citation omitted). "Although the existence of duplicative litigation is not a determinative factor," the Second Circuit has noted

that that "[m]aintaining virtually identical suits [arising out of the same set of facts] in two forums . . . would waste judicial resources and invite duplicative effort . . . [A]voidance of piecemeal litigation is best served by leaving these suits in the state court." *Goldentree*, 448 F. Supp. 2d at 594 (quoting *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.*, 762 F.2d 205, 211 (2d Cir. 1985)).

Plaintiff contends that exercising jurisdiction here will not result in piecemeal litigation because the state and federal cases concern different issues. However, as discussed above, the state and federal actions center on the same key question: whether Best actually stole from Negril. Accordingly, here "a potential exists for 'inconsistent and mutually contradictory determinations.'" *DeCisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989).

Further, there is no need for litigation to proceed in both state and federal court. The state action here is more comprehensive, covering more causes of action and more parties. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 657 (S.D.N.Y. 1997) (comprehensive nature of state action favors abstention). Walker—the one federal party who is not a party to the State Action—could easily be added to the state court case. Additionally, the defamation claim before this Court "could properly be raised in the state court." *Telesco v. Telesco Fuel & Mason's Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985); *accord Wiggin & Co. v. Ampton Invs., Inc.*, 66 F. Supp. 2d 549, 553 (S.D.N.Y. 1999) ("All issues can be resolved in the [state] action . . . This factor, therefore, strongly favors [state court].").

This factor thus counts significantly in favor of abstention.

### E. Order and Progress

The State Action was filed on January 18, 2018. The Federal Action was filed on March 29, 2018. But the Court "does not look only to which action was commenced first, but rather to

7

the relative progress of the actions in the two forums." *Wiggin*, 66 F. Supp. 2d at 553 (citations omitted). In this respect, too, the State Action is more advanced than the Federal Action. While this Court did grant Plaintiff's request for a preliminary injunction, discovery has not commenced in this Court and no dispositive motions have been filed. In contrast, Best's motion to dismiss the State Action, which he alternatively seeks to be considered as a motion for summary judgment, was fully briefed as of May 17, 2018. *See* State Action NYSECF Nos. 8-9 (motion to dismiss filed April 6, 2018), 26-27 (opposition brief filed May 9, 2018), 42 (reply brief filed May 17, 2017). Oral argument is scheduled for July 17, 2018. State Action NYSECF No. 43.

Since the State Action is significantly more advanced, this factor counts in favor of abstention.

### F. Law Providing Rule of Decision

The Federal Action does not involve any issues of federal law. Plaintiff contends that the lack of federal law or rights renders the factor neutral, which counsels in favor of jurisdiction. However, the Circuit has held that "[a]lthough the absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where 'the bulk of the litigation would necessarily revolve around the state-law . . . rights of [numerous] . . . parties.'" *General Reinsurance Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988) (quoting *Moses H. Cone*, 460 U.S. at 23 n.29); *accord Bernstein*, 850 F. Supp. at 185 (since "[a]ll of the issues are governed exclusively by state law," this factor "weighs in favor of abstention") (citations omitted). This factor accordingly counsels toward abstention.

### G. Protection of Rights in State Court

Plaintiff does not specifically argue that the state court could not protect his rights. The Court sees no indication why his rights would not be protected in New York state court. All of the relief he seeks in federal court could be obtained in the State Action. *See Bernstein*, 850 F. Supp. at 185.

Factors one and two are neutral and thus counsel toward retaining jurisdiction. However all other factors counsel in favor of abstention. Chiefly, the "most important factor"—avoiding piecemeal litigation—counts heavily in favor of abstaining in this matter. *See Moses H. Cone*, 460 U.S. at 16.

Having considered all of the factors, the Court determines that there are exceptional circumstances here that warrant the Court's dismissal of this case under the *Colorado River* abstention doctrine. The Court therefore declines to exercise jurisdiction in this case, and the case is dismissed without prejudice.

The Clerk of Court is respectfully requested to terminate this case.

**SO ORDERED.**

Dated: August 2, 2018

New York, New York

ANDREW L. CARTER, JR.
United States District Judge